UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRYAN MORIN, ET AL. | * | CIVIL ACTION NO. 11-45 |
|     Plaintiffs | * | |
| | * | JUDGE:  JOLIVETTE BROWN |
| VERSUS | * | MAGISTRATE: KNOWLES |
| | * | |
| CHEVRON USA, INC., ET AL. | * | SECTION "G"3 |
|     Defendants | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF CHEVRON U.S.A. 30(B)(6) CORPORATE REPRESENTATIVES

Plaintiffs, Bryan Morin, et al, pursuant to the Federal Rules of Civil Procedure, move this Honorable Court to Order defendant Chevron to provide Corporate Representatives for depositions.

**Facts**

Counsel for Plaintiffs and Defendants' have exchanged numerous written and verbal communications on Plaintiffs' discovery requests and on the requests for 30(b)(6) witnesses. Counsel for Chevron has offered corporate representative to testify to some, but not all topics identified in the Deposition notices.  Plaintiffs request this Honorable Court Order Chevron to produce knowledgeable corporate representatives for all topics identified.

A chronological listing of correspondence, and relevant Motions is as follows:

| Date: | Correspondence |
|---|---|
| 10/4/2011 | Letter from Plaintiffs' counsel setting discovery conference for October 7, 2011 and noting deficiencies in Chevron's response. **[Exhibit 1]** |
| 10/4/2011 | Plaintiffs serve Notice of Deposition for Chevron Records Custodian and Subpoena Duces Tecum **[Exhibit 1]** |
| 10/14/2012 | Chevron files Motion to Quash **[Rec. Doc 40]** |
| 10/26/2011 | Minute Entry concerning Plaintiffs Motion to Quash [Rec. Doc 46] ruling: |

**IT IS ORDERED** that Chevron U.S.A. Inc.'s Motion to Quash Subpoenas Issued by Plaintiffs, and, Alternatively, Motion for Protective Order [Doc. #40] is <u>GRANTED but only at this time</u>. <u>After further discovery, plaintiffs shall be allowed to reset the deposition and the return date on the subpoena duces tecum on or after December 9, 2011</u>." **[Rec Doc 46](emphasis added)**

| | |
|---|---|
| 11/1/2011 – 11/07/2011 | Correspondence between counsel Plaintiffs requested supplemental discovery from Chevron, specifically addressing benzene health and safety documents. **[Exhibit 2]** |
| 11/11/2010 | Plaintiffs' Counsel requested corporate 30(b)(6) depositions dates, Chevron's Counsel responded he would work on it, and requested a draft notice. **[Exhibit 3]** |
| 1118/2011 | plaintiffs' counsel forwarded a draft 30(b)(6) notice, containing all the subjects contained in the final notice, including the corporate representative issues and Records Custodian issues, along with a request to provide corporate deposition dates. **[Exhibit 4]** |
| 11/28/2011 | Follow up email requesting dates for 30(b)(6) depositions and Defendant's experts, noting previous requests for same. **[Exhibit 5]** |
| 12/12/2011 | Defendants provide January dates for Defendant's expert witnesses, offers only a single available date for each expert. **[Exhibit 6]** |
| 12/13/2011 | Chevron offers Dates for Corporate Witnesses Aaron Williams and Michael McDonald **[Exhibit 7]** |
| 12/14/2011 | Plaintiffs request clarification of which facility each corporate deponent will be testifying for; and notes difficulty with the prosed deposition scheduling. |

|            |                                                                                                                                                                                                                                                                                |
|------------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            | Plaintiffs cannot depose the Defendants' 30(b)(6) and experts in different cities on the same day. [Exhibit 8 in globo]                                                                                                                                                         |
| 12/14/2011 | Email responding to Plaintiffs request for Depositions dates, and objection that the proposed depositions dates for experts and 30(b)(6) would not only conflict but are offered in different cities. **[Exhibit 9]**                                                           |
| 12/21/2010 | Email regarding attempts to identify corporate representatives, noted that plaintiffs provided alternate dates for our expert, and agreed to conduct corporate depositions in Houston and California on successive days. **[Exhibit 8 in globo]**                               |
| 12/21/2011 | 10:00 AM Plaintiffs request clarification of which corporate representative will testify for Chevron Oak Point and which for the Chevron (formerly Gulf Oil) Alliance Refinery **[Exhibit 8 in globo]**                                                                         |
| 12/21/2011 | 10:22 am Counsel for Chevron identified which representative will testify for Chevron Oak Point, and which will testify for the formerly Gulf Oil Alliance Refinery. **[Exhibit 8 in globo]**                                                                                   |
| 12/21/2010 | 11:05 am Plaintiff's Counsel requests that Chevron identify the area of testimony for the identified corporate witnesses. **[Exhibit 8 in globo]**                                                                                                                              |
| 12/21/2010 | 3:05 PM Email to Chevron noting that Chevron has not identified 30(b)(6) witnesses for all topics **[Exhibit 8 in globo]**                                                                                                                                                     |
| 12/21/2011 | Email concerning request for corporate depositions dates, and the actual wording of Judge Knowles Motion to Quash **[Exhibit 8 in globo]**                                                                                                                                      |

The order states "**IT IS ORDERED** that Chevron U.S.A. Inc.'s Motion to Quash Subpoenas Issued by Plaintiffs, and, Alternatively, Motion for Protective Order [Doc. #40] is GRANTED but only at this time. After further discovery, plaintiffs shall be allowed to reset the deposition and the return date on the subpoena duces tecum on or after December 9, 2011." The order is attached for your review.

Email notes that Draft 30(6)(6) notices with all topics were sent over a month ago (November 18, 2011). [Therefore Chevron could not have been surprised by the topics identified on the notices]

Plaintiffs made numerous efforts to secure corporate depositions dates, which defendants rebuffed. Plaintiffs provided a draft of the deposition notice containing the topics at issue more than a month ago.**[Exhibit 2]** Chevron has offered witnesses for some of the topics requested,

Page **3** of **15**

but will not provide witnesses for many other topics, and will not specify when they will identify such witnesses. See Deposition Notices, **[Exhibit 10]**   After raising this issue in a discovery conference on December 21, 2011, Plaintiffs' were still unable to get a commitment from Chevron to provide corporate representative to cover all topics requested, or to agree to a deadline to identify knowledgeable corporate witnesses for the remaining topics.**[Exhibit 10]**

Chevron has only offered corporate representative to testify to the following topics:

"Michael Cowles – a present Chevron project manager who worked at Oak Point during the relevant years. He worked in and has knowledge of Oak Point's safety procedures, operations, product shipping, and product manufacturing.

Hank McDermott – a retired industrial hygienist and safety compliance engineer for Chevron, who performed safety audits of Chevron's various facilities, including Oak Point, during the relevant years." **[Exhibit 8]**

No records custodian or other witness have been offered to testify to Chevron's document retention policy, records available, and searches performed to respond to Plaintiffs' Interrogatories, Requests for Production of Documents or Requests for Admissions.  Given the broad objections asserted by Chevron regarding their inability to located responsive documents or information, these issues are of critical importance to determine whether relevant  information and documents have been disclosed, whether alternative sources of the requested information are available, and to prevent surprise at trial.

Additional topics lacking a knowledgeable representative are: Chevron's knowledge of health and safety issues related to benzene and benzene containing substances, knowledge of the chemicals which contained benzene at the two facilities, knowledge of contracts or agreements with Oil Mop Gulf Services, Inc. or any "Oil Mop" entity.

Presumably Chevron will wish to counter Plaintiffs' allegations that it knew or should have known that is benzene containing chemicals could cause blood disorders and blood cancers.

However, Chevron has not offered a knowledgeable representative for this topic nor produced corporate documents concerning this issue. Plaintiffs should not be forced to wait until trial to learn Chevron's potential defenses to a critical issue concerning negligence.

Similarly, Plaintiffs have alleged that Mr. Morin was exposed to benzene while employed as a contract worker assigned to the Chevron Oak Point Plant and the Alliance Refinery. Chevron has not offered to produce a knowledgeable representative concerning contracts between Chevron/ Gulf Oil and Oil Mop Gulf Services, Inc. or any "Oil Mop" entity.

Chevron has not offered knowledgeable corporate representative to testify to topic's Number 1-6 of the deposition notice for the Alliance Refinery. [See Exhibit 4, attached notice]. The witnesses offered, as described by Chevron's counsel, only provide partial knowledge, or no knowledge at all, of the issues identified on the Notice. *Id*. None of the witnesses offered are identified as having knowledge of Chevron's affirmative defenses and answers. Testimony on tis topic should not be a surprised to be unveiled at trial.

Chevron argues they had no obligation to find witnesses for all requested topic for the corporate deposition, because plaintiffs did not unilaterally set the depositions date and serve the notice on December 9, 2011. Plaintiffs could have unilaterally re-noticed the corporate depositions on December 9, 2011. However, unilaterally setting deposition dates is generally frowned upon and often conflicts with schedules. The normal procedure for setting any deposition, especially corporate depositions is to communicate with opposing counsel, acquire dates counsel and the deponent are available, and then to serve a final deposition notice with all the pertinent details included. Plaintiffs' have followed this procedure, but were unable to get agreement from counsel on many corporate deposition topics.

Counsel for Chevron has argued that because the original notice of corporate deposition was quashed due to timing issues, that plaintiffs subsequent correspondence requesting deposition dates were meaningless, and that Chevron had no obligation to produce corporate witness on the topics identified until the date final copies of the deposition notices were served (December 21, 2011).  Chevron has argued in correspondence and in discovery conferences that Plaintiffs were required to narrow the scope of the deposition notices under the rulings on the Motion to Quash.  This is incorrect.  No  such order was made in connections with the hearing on the Motions to Quash. *See Minute Entry,* [Rec. Doc. 46].

During the hearing and in Plaintiffs opposition to the Motion to Quash, Plaintiffs explained that if Chevron were to produce the information originally requested in discovery (including (1) health and Safety documents, (2) contracts and agreements with Oil Mop Gulf Services, Inc. or  any "Oil Mop" entity, (3) records requested concerning the operations on the Gulf Oil Alliance Refinery, (4) facility sign in logs),  then Plaintiffs would not need the requested financial records, accounts payable or accounts receivable records for 1982- 1983. However, Chevron insisted it did not have and could not locate the sources of information originally requested. Therefore, plaintiffs requested alternative sources of the desired information.  For instance, Accounts payable would contain records of any payments made to "Oil Mop Gulf Services, Inc." for services rendered and would also provide information detailing the raw material used to manufacture Chevron's gasoline and other products. Accounts receivable files should document the products sold from the individual refineries (Only information for the Alliance and Oak Point refineries was requested, and only for the relevant years 1982-1983), the unit of production, the amount sold, and possibly the method of shipment (barge, railcar, or tank truck).   Exposure in this case is linked to cleaning tanks, barges, and

railcars containing various compounds. Therefore, these are all relevant topics and within the scope of discovery permissible under the Federal Rules of Civil Procedure.

Additionally, the requested information concerning Chevron's knowledge of benzene, its health hazards, the facility safety training policies for contract workers, and safety training manuals are all relevant topics for discovery in the litigation. Plaintiffs' requests for information are confined to reasonable time periods concerning the plaintiffs' exposure and the nature of the claims. Plaintiffs' claims that Chevron knew or should have known of the hazards of benzene prior to the 1980's, requires that plaintiffs' investigate Chevron's records for knowledge of health hazards, article and studies from any time prior to 1983.

Chevron, in its discovery responses, claimed it had no information and no access to information on the Alliance Refinery. Yet, Chevron suddenly identified three surprise witnesses after the deadline to submit witness lists. [Rec. Doc 62]. This raises the question: How did Chevron identify these three former employees if they have no records for the Alliance Refinery and no access to these records? Plaintiffs' deposition notices include a request for a records custodian and/or a person with knowledge of Chevrons' responses to discovery and Rule 26 disclosures. Plaintiffs' are entitled to determine where and how Chevron found these witnesses, and what records Chevron searched when responding that it did not have the any witness information, where those records were located. For instance, did Chevron's sale of the Alliance Refinery provide for document access, and if so, did Chevron contact the current owner of the Alliance refinery in searching for discovery responses. These are relevant areas of discovery within the scope permitted by the Federal Rules of Civil Procedure.

Chevron argues that it does not have sufficient time to identify witness for the listed topics because it was served with the Notices on December 21, 2011. Chevron's counsel

incorrectly argues that it just received the topics of the corporate deposition on December 21, 2011. However as shown by the correspondence, Plaintiffs sent a draft notice, along with the request for dates on November 18, 2011, over a month ago. [Exhibit 4] . this notice contained all the topics requested in the December 21, 2011 notice.

Chevron had over a month to identify knowledgeable witnesses, yet it chose not to do so, insisting that it did not incur such a duty until the final subpoena and deposition notice were served. (Chevron is further refusing service of Subpoenas on counsel of record, instead insisting that it will only accept service upon its registered agent.)

**Law and Arguments**

I.  **Chevron Must Supply A Knowledgeable Representative For Corporate Depositions**

The federal Rules of Civil Procedure provides for the deposition of a knowledgeable corporate representative, pursuant to Fed. Rule 30(b)(6).

> The named organization must then designate one or more officers, directors, or managing agents, or *designate other persons* who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization.[1]

Courts have held "that compliance with Fed.R.Civ.P. 30(b)(6) places the burden of identifying a responsive witness on the corporation."[2] If the agent designated by the corporation "is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable and readily identifiable witness, then the appearance is, for all practical purposes,

---

[1] Federal Rules of Civil Procedure Rule 30
[2] *Voyeur Dorm, L.C. v. City of Tampa, Florida* 2000 WL 34248401, 1.(M.D.Fla.,2000); *Resolution Trust Corp. v. Southern Union Co., Inc.,* 985 F.2d 196, 197 (5th Cir.1993).

no appearance at all."³ A corporation cannot avoid answering questions by producing a representative lacking corporate knowledge.⁴

The Court in *Starlight Intern. Inc. v. Herlihy*, held:

> Foremost among the purposes of the Rule is to "curb the 'bandying' by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it." *Rainey v. American Forest & Paper Ass'n,* 26 F.Supp.2d 82, 95 (D.D.C.1998) (quoting Fed.R.Civ.P. 30(b)(6) advisory committee notes (1970 amend.)) "For a Rule 30(b)(6) deposition to operate effectively, the deposing party must designate the areas of inquiry with reasonable particularity, and the corporation must designate and adequately prepare witnesses to address these matters." *United States v. Taylor,* 166 F.R.D. 356, 360 (M.D.N.C.), *aff'd,* 166 F.R.D. 367 (1996).⁵

Once a deposition notice has been made pursuant to Rule 30(b)(6) specifying the topics for examination:

> The corporation, then must not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation. *Audiotext Communications Network, Inc. v. U.S. Telecom, Inc.,* No. Civ.A. 94-2395-GTV, 1995 WL 625962, at 13 (D.Kan. Oct. 5, 1995) (quoting *Marker v. Union Fidelity Life Ins. Co.,* 125 F.R.D. 121, 126 (M.D.N.C.1989)). ⁶

A party may be sanctioned for failure to appear for a deposition under Rule 30(b)(6), after being served with the proper notice. "Producing an unprepared witness is tantamount to a failure to appear at a deposition."⁷  Corporations have a duty to make a good faith effort to designate a knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully answer

---

³ *Id.*
⁴ *Id.*
⁵ *Starlight Intern. Inc. v. Herlihy*,  186 F.R.D. 626, 638 -639 (D.Kan.,1999)
⁶ *Starlight Intern. Inc. v. Herlihy*,  186 F.R.D. 626, 638 -639 (D.Kan.,1999)
⁷ *Starlight Intern. Inc. v. Herlihy,* 186 F.R.D. 626, 639 (D.Kan.,1999) Citing *United States v. Taylor,* 166 F.R.D. 356, 363 (M.D.N.C.), *aff'd,* 166 F.R.D. 367 (1996).

question about the designated subjects.[8] If the designated individual does not have the personal knowledge of the matters set forth in the deposition notice, the entity is obligated to prepare the individual designated so he/she may give knowledgeable and binding answers for the organization[9] Additionally, "[I]f it becomes obvious during the course of a deposition that the designee is deficient, the [organization] is obligated to provide a substitute." [10]

## II. A Corporate Deposition is particularly important where Defendants have failed to adequately respond to other discovery.

Chevron chose to be recalcitrant in searching for records concerning Gulf Oil and its operation of the Alliance Refinery. Chevron's discovery responses demonstrate its failure to adequately search for its records of employees or individuals with knowledge. Chevron provided the following general responses to all of Plaintiffs' discovery requests.

> These responses to discovery are based upon knowledge possessed by Chevron U.S.A. Inc. Gulf Oil Corporation changed its name to Chevron U.S.A. Inc. in 1985 as part of the merger between Gulf Corporation and Chevron Corporation in 1985. Any information or knowledge that Chevron U.S.A. Inc. may possess is relevant only to the extent that it was possessed by the Gulf Oil Corporation. In addition, as a result of the 1985 merger, Chevron has very limited access to documents relating to the Gulf Alliance Refinery.
> Chevron has engaged in a diligent and good faith effort to respond to the Plaintiffs' Interrogatories, Request for Production of Documents, and Request for Admissions ("the Discovery") propounded by plaintiffs by conducting an extensive review of information and documents gathered in response to benzene litigation. These responses have been compiled as the result of an investigation into the historical practices and procedures followed by Gulf Oil.[11]

---

[8] *Id*.
[9] *Id*. .
[10] *Id*.
[11] *Chevron U.S.A. Inc.'s Objections and Responses to Plaintiffs' interrogatories, Request for Production of documents, and Request for Admission (Gulf Alliance),* October 14, 2011 **[Rec. Doc 64-4]**

Page **10** of **15**

In spite of Chevron's assertions, it failed to produce numerous health and safety documents concerning benzene that it identified in a prior litigation. *See Subpoena, Exhibit A to Rec. Doc. 40-2.* To date, Chevron has still not produced these documents.

Plaintiffs issued a subpoena for the production of documents, and for a deposition of Chevron's records custodian in October. Chevron filed a Motion to Quash. [Rec. Doc. 40]. Chevron's Motion to quash was granted by Judge Knowles due to concerns of requiring Chevron to participate in more than one corporate 30(b)(6) deposition. At the hearing, Judge Knowles stated that he felt more paper discovery should be conducted before a corporate deposition is taken, and granted Plaintiffs leave to re-file the subpoena on or after December 10, 2011. The order stated "After further discovery, plaintiffs shall be allowed to reset the deposition and the return date on the subpoena duces tecum on or after December 9, 2011. [Rec. doc. 46].

Plaintiffs' followed up with discussion and e-mails requesting supplemental information from Chevron concerning its responses for Gulf Oil. *See the chart beginning on page two of this memorandum.* Chevron's Counsel expressed the opinion that it need not provide additional document until after the "December 10, 2011" [sic] deadline, the date plaintiffs were permitted to re-notice the corporate depositions.[12] Chevron delayed investigating and supplementing discovery responses to plaintiffs until December 1, 2011, and even then failed to supplement its response concerning witnesses, and persons with knowledge.[13]

Plaintiffs' discovery requests asked for the identification of individuals with knowledge. However, Chevron provided nothing more than general objection, and claimed that it had no information. Plaintiffs incorporate herein all argument presented in Plaintiffs' *Opposition To*

---

[12] Exhibit 2, in globo, email correspondence
[13] Chevron's Supplemental Responses of December 1, 2011. **[Rec Doc. 64-4]**

*Chevron's Motion To File Supplemental Witness List* **[Rec. Doc. 64].** Plaintiffs propounded the following interrogatories:

> **INTERROGATORY NO. 5:**
> Please *identify all persons you or anyone on your behalf interviewed in the course of investigating this lawsuit and resulting injuries*, which are alleged in plaintiffs' petition.
>
> **INTERROGATORY NO. 6:**
> *Please identify by name, address, and telephone number of all individuals most knowledgeable regarding the chemicals and substances located at the Alliance Refinery during the years 1981 through 1983, including but not limited to chemicals used, stored, manufactured, transported and produced at the Plant.*
>
> **INTERROGATORY NO. 9:**
> Identify any and all *individuals with knowledge of the safety and/or safety training procedures with regard to contract workers* and non-employee workers at Alliance Refinery from 1982 through 1983. Please state the name, as well as last known address and phone number.
>
> **INTERROGATORY NO. 10:**
> *Identify any and all co-workers or supervisors of Mr. Bryan Morin.*
> **INTERROGATORY NO. 11:**
> *Identify any and all supervisors of contract laborers at the Alliance Refinery from* 1982- 1982 [sic.].[14]

Chevron claims it had no information available to respond to the above discovery responses, and failed to supplement their responses to Interrogatories No. 5, 6, 9, 10, or 11.  Now, shortly before trial, and after the deadline to file witness lists, it claims it has suddenly found witnesses that should have been identified and disclosed months ago.

   Chevron U.S.A. proposed supplementing their witness list to add the following three individuals.

> Stephen A. Cain – retired maintenance engineer at Alliance Refinery

---

[14] *Chevron U.S.A. Inc.'s Objections and Responses to Plaintiffs' interrogatories, Request for Production of documents, and Request for Admission (Gulf Alliance),*October 14, 2011 (emphasis added) **[Rec Doc. 64-2]**

      Ronal Cavalier – retired operations supervisor at the Alliance refinery

      Gary Bowman – retired Safety Supervisor at the Alliance refinery[15]

The Scheduling Order entered by this court required all parties to file and serve a list of all witnesses who may or will be called to testify at trial no later than December 9, 2011. [Rec. Doc. 14].  Chevron failed to designate these three witnesses on its December 9, 2011 witness list.

These three witnesses were not disclosed in Chevron's initial disclosures, due May 9, 2011. Additionally, none of these three witnesses were identified at anytime during discovery.  These witnesses were not disclosed in Chevron's responses to discovery requests seeking witnesses or knowledgeable parties, or in supplemental discovery responses.

In Chevron's Exparte Motion to file a Supplemental Witness list, Chevron provided no explanation concerning its failure to comply with the court rules.  Chevron appears to acknowledged that it had the names prior to December 9, 2001 (even if it didn't have the addresses), yet Chevron failed to disclose those names in discovery. [**Rec Doc. 62**, Chevron U.S.A Inc.'s Motion for Leave to File Supplemental Witness List].  Plaintiffs' have filed an objection to the supplemental Witness list.

Chevron disregarded this court's Scheduling Order, and failed to make the appropriate investigations in responding this lawsuit and discovery propounded to it.  Now it seeks to take advantage of its dilatory tactics to conduct trial by ambush by adding additional, undisclosed, witnesses at the last minute and by refusing to produce corporate representatives knowledgeable on relevant and requested topics.

---

[15] The Alliance refinery was previously owned and operated by Gulf Oil Corporation.  Chevron is the successor to the Gulf Oil Corporation.

### III.　Trial by Ambush

By failing to provide adequate discovery responses, failing to timely disclose fact witnesses, adding surprise witnesses shortly before trial, and failing to provide corporate 30(b)(6) depositions representatives, Chevron is attempting to conduct trial by ambush.

The Fifth Circuit has held "We certainly agree that trial by ambush is not contemplated by the Federal Rules of Civil Procedure." [FRCP][16] Trial by ambush was abolished by the United States Supreme Court when it adopted the Federal Rules of Civil Procedure in 1938. FRCP Rule 26 and the accompanying discovery rules ... required both sides to turn over information to each other..."[17]

> Discussing the Federal Rules of Civil Procedure, the District of New York held:
>
> They are designed specifically to avoid "trial by ambush." **Under the Rules, parties may not intentionally withhold their most damning evidence until trial, at which point they blindside the opposition.** *See, e.g., Lesser v. Wildwood,* 01 Civ. 4209(RWS), 2003 WL 22228757 at *2 (S.D.N.Y. Sep. 29, 2003) ("The rules are designed to avoid surprise or trial by ambush") (internal quotations and citations omitted). Instead, parties must share all relevant information with each other well in advance of trial in order to enable each side to fully prepare its legal strategy. Depositions are specifically designed "to find out what the witness saw, heard, and knows, or what the witness thinks, through a question and answer conversation between the deposing lawyer and the witness." 7-30 Moore's Federal Practice Civil § 30.02 (2005).[18]

In the instant case, notice of these three witnesses is too late to arrange depositions before the discovery cutoff on January 9, 2012. The parties have not yet completed all expert depositions and corporate depositions as of this date. Depositions are scheduled every workday from January 2, 2011 through January 9th, 2012, the discovery cut-off date.

---

[16] *Woods on Behalf of Woods v. Int'l Harvester Co., Inc.,* 697 F.2d 635, 639 (5th Cir. 1983)

[17] *Henley v. FMC Corp.,* 189 F.R.D. 340, 350 (S.D.W. Va. 1999) citing Lawrence J. Fox *et al., Historical Preface,* 67 Fordham L.Rev. 691, 692 (1998)(quoted authority and footnotes omitted).

[18] *Casilla v. New York State Dept. of Labor,* 04 CIV. 6694 (NRB), 2005 WL 3502050 (S.D.N.Y. Dec. 21, 2005)( emphasis added)

## CONCLUSION

Plaintiffs' should not be prejudiced or limited by Chevron's dilatory tactics concerning discovery. Plaintiffs are entitled to depose Chevron's corporate representatives on the requested topics, which are relevant to the issues.  Without the requested depositions Plaintiffs will not be able to anticipate the evidence and testimony Chevron may introduce at trial.  The purpose of the Federal Rules of Civil Procedure concerning discovery are designed to prevent surprise at trial.  Therefore, Plaintiffs' respectfully request this Honorable Court Order Chevron to designate corporate witnesses knowledgeable concerning the topics identified in Plaintiffs' Deposition Notice.

Respectfully submitted,

*/s/ Amber E. Cisney*
RICHARD J. FERNANDEZ, LSBN 05532
AMBER E. CISNEY, LSBN 28821
**LAW OFFICE OF RICHARD J. FERNANDEZ, LLC**
3000 West Esplanade Avenue, Suite 200
Metairie, Louisiana  70002
Telephone: (504) 834-8500
Facsimile: (504) 834-2609
**ATTORNEY FOR PLAINTIFFS**

L. ERIC WILLIAMS, JR., LSBN 26773
**WILLIAMS LAW OFFICE, LLC**
433 Metairie Rd, Suit 402
Metairie, Louisiana  70002
Telephone: (504) 832-9898
Facsimile:  (504) 834-1511
**ATTORNEYS FOR PLAINTIFFS**

### *CERTIFICATE OF SERVICE*

I hereby certify that I have on this 22th  day of  December, 2011, served a copy of the foregoing pleading on counsel for all parties to this proceeding via ECMF , e-mail or other electronic transmission.

*/s/ Amber E. Cisney*
Amber E Cisney