UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRYAN MORIN, ET AL. | CIVIL ACTION NO. 11-00045 |
| VERSUS | JUDGE: G |
| CHEVRON U.S.A. INC., ET AL. | MAGISTRATE: 3 |

### CHEVRON U.S.A. INC.'S MEMORANDUM IN SUPPORT OF ITS OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

Defendant, Chevron U.S.A. Inc., individually and as successor to Gulf Oil Corporation ("Chevron" and/or "Defendant"), respectfully submits this Memorandum in Support of its Opposition to the Plaintiffs' Motion to Compel, which argues that the Plaintiffs' Motion to Compel is premature, baseless and lacks the proper foundation to request an order compelling discovery.

**I.   PRELIMINARY STATEMENT**

In an effort to ease the burden on this Court, Chevron and the Plaintiffs communicated over the New Year's holiday and attempted to resolve the present discovery disputes. While the parties have been unable to resolve all issues, the areas of dispute have been significantly narrowed to the following:

1. Chevron objects to the general inclusion of gasoline as a product at issue and topic of testimony. Chevron asked Plaintiffs' counsel to limit and/or specify testimony regarding gasoline to areas of the plant in which Bryan Morin allegedly worked: storage tanks, tank trucks, barges, and rail tanks.

2. Chevron objects to the generalized production of documents listed in its "Exhibit A-1." This objection includes topics of testimony numbers 19 and 39, in the subpoenas duces tecum/Rule 30(b)(6) notices, and

> Request No. 28 in the subpoena duces tecum to produce documents. Chevron will agree to produce certain documents not available to the public and/or unpublished, if Plaintiffs' will provide a clearer understanding of the information they seek under the statement "health effects of benzene."

Chevron objects to broad document production because many of the requested documents are publically available to the Plaintiffs. Requesting the production of documents under the broad heading of "health effects of benzene" is nonsensical. Plaintiffs' requests should be limited to those relating to the allegations made in their pleadings: 1) documents discussing the purported relationship between benzene and multiple myeloma; and 2) potentially adverse side effects of inhaling benzene vapor.

Additionally, Chevron believes that Plaintiffs' unfettered request for testimony regarding "gasoline" will unnecessarily include irrelevant topic areas, including but not limited to civilian vehicles and general construction equipment. Apart from these contentions, Chevron and the Plaintiffs agreed to limit the testimony sought in the subpoenas duces tecum/deposition notice and subpoena duces tecum to produce documents to those areas indentified in the correspondence attached as Exhibit A.

Aside from the agreements reached between the parties, Chevron opposes the Plaintiffs' Motion to Compel as premature and baseless.

## II. **FACTS**

Although Plaintiffs are attempting to incorporate issues outside of the scope of their Motion to Compel (corporate representatives), such issues have been briefed to this Court, and the District Court. Rather than emulate Plaintiffs' inappropriate actions in this

regard, but in order to inform the Court on these extraneous issues should the Court deem them relevant to the instant motion, Chevron attaches as Exhibits B, C, and D, its Motions and Memoranda in Support of its Motion to Quash and, alternatively for Protection Order against the (1) Subpoena to Produce Documents; (2) Subpoena to Testify in Civil Deposition to Chevron (including Notice of Telephone Video Deposition); and (3) Subpoena to Testify in Civil Deposition to Gulf Oil Corporation (including Notice of Video Deposition), a Reply in Support of its Motion for Leave to File a Supplemental Witness List, and Motion to Continue Trial, all of which it incorporates by reference herein.

Still, in an effort to synthesize and consolidate those facts alleged in motions and memoranda being filed regarding discovery in this matter, Chevron presents the following facts as they relate to the discovery issues raised in the Plaintiffs' Motion to Compel Chevron's Corporate Deposition:

- **January 12, 2011** – Original Complaint filed;
- **April 7, 2011** – Scheduling order issued, which sets trial date as February 27, 2012;
- **September 4, 2011** – Plaintiffs file subpoenas and notices of deposition on Chevron for corporate depositions;
- **October 26, 2011** – Magistrate Judge Knowles rules in open court that the subpoenas will be quashed as premature. In his oral reasons for judgment, Judge Knowles reserves Chevron's objections to the subpoenas, instructs the Plaintiffs to tailor for relevant information, and re-file after December 9, 2011.
- **December 9, 2011** – Chevron files its Witness and Exhibit Lists;
- **December 13, 2011** – Chevron files Supplemental Witness lists;

- **December 13, 2011** – Chevron offers Aaron Williams ("Mr. Williams") as a "corporate representative"[1] for Chevron's Gulf Alliance facility ("Gulf"), and provides available deposition dates;
- **December 20, 2011** – Chevron offers Michael Cowles and Henry McDermott as corporate representatives for Chevron's Oak Point facility ("Oak Point"), along with available deposition dates for each witness;
- **December 21, 2011** (2:49 p.m. CST) – Chevron provides general areas of testimony for Michael Cowles and Henry McDermott;
- **December 21, 2011** (3:05 p.m. CST) – Plaintiffs claim that the corporate witnesses do not cover all the topics in their previously quashed subpoena;
- **December 21, 2011** (5:28 p.m. CST)—Plaintiffs filed the subpoenas and notices for Rule 30(b)(6) depositions;
- **December 22, 2011** (10:00 a.m. CST) – Chevron initiated and conducted a discovery conference pursuant to Rule 37 of the Federal Rules of Civil Procedure to discuss the Plaintiffs' outstanding discovery responses;
- **December 22, 2011** (5:19 p.m. CST) – Plaintiffs provide available deposition dates for two witnesses, one of which was repeatedly requested by Chevron on five occasions beginning on December 7, 2011; and
- **December 22, 2011** (10:37 p.m. CST) Plaintiffs filed their Motion to Compel.
- *Pending* **January 2, 2012** – Deposition of Aaron Williams
- *Pending* **January 3, 2012** – Depositions of Henry McDermott and Michael Cowles

Given the facts presented herein, Plaintiffs' Motion to Compel is not only premature, but misleads the Court on the facts at issue.

---

[1] Chevron has referred to these witnesses are "corporate witnesses" in communication with plaintiffs' counsel and does so again in this opposition. At the time the witnesses were offered for deposition, the only Rule 30(b)(6) notice which plaintiffs have served on Chevron had been quashed. Chevron's reference to these individuals as corporate witnesses was and is a shorthand label intended to convey that these witnesses possessed knowledge of some of the areas of inquiry in the then-quashed notice of deposition.

## III. ARGUMENT

### A. The Motion To Compel Is Premature.

While FRCP Rule 37 provides that a Motion to Compel may be filed in the event parties cannot resolve discovery disputes, the instant motion is grossly premature for the following two reasons: 1) The Motion to Compel did not include a good faith certificate as required by FRCP 37; 2) The corporate depositions have not yet occurred.

As provided in FRCP 37(a)(1), a motion to compel "**must** include a certification that the movant **has in good faith** conferred or attempted to confer with the person or party failing to make a disclosure or discovery in an effort to obtain it without court action." As is obvious to this Court, no such certification was included with the Plaintiffs' Motion to Compel.

The Eastern District of Louisiana previously confronted an identical issue in *Cowboy Mouth, L.L.C. v. Monkey Hill Productions, Inc.,* and denied the Motion to Compel. Therein, the Court found that a certificate stating "only that counsel exchanged correspondence, not that they conferred as required by the rule" violated then Local Rule 37 (which is now found in FRCP Rule 37).[2] In *Williamson v. Watco Cos., Inc.,* the Western District of Louisiana gave the same ruling denying a Motion to Compel under FRCP 37, holding that

> [P]laintiff has not complied with Federal Rule of Civil Procedure 37(a)(1) or Local Rule 37. 1W, which provide that a motion to compel must include a certification that the movant has, in good faith, conferred or attempted to confer with the party failing to make disclosure or discovery in an effort to

---
[2] *Cowboy Mouth, L.L.C. v. Monkey Hill Productions, Inc.,* 1998 WL 781234 (E.D.La. 1998).

obtain it without court action. Plaintiff's motion alleges that he "spoke to" defense counsel the date this motion was filed, and that "no further responses have been forthcoming."[3]

The present Plaintiffs fail to satisfy the requirements of FRCP Rule 37 in certifying that they made a good faith effort to resolve the discovery disputes without resorting to judicial intervention. Merely providing in the body text of the Motion to Compel that "Plaintiffs' were still unable to get a commitment from Chevron to provide corporate representative to cover all topics requested…" is not a certification, nor does it certify that they in good faith attempted to resolve the issue without the Court's assistance.

Rather it was Chevron who conducted a Rule 37 conference on December 22, 2011 to discuss the Plaintiffs' discovery delinquencies. The Plaintiffs failed to do the same. Still, during the December 22, 2011 conference, Chevron informed Plaintiffs that although it was reserving all previous objections to the notices and subpoenas as permitted by Magistrate Judge Knowles, it was continuously working to present witnesses responsive to as many of the non-objectionable topics as possible in the subpoenas *duces tecum*. Thus, the Motion to Compel is premature as Chevron has not refused or failed to produce witnesses responsive to the subpoenas as alleged by the Plaintiffs.

Second, the Plaintiffs have not conducted the depositions at issue. When Chevron designated witnesses as corporate representatives for Oak Point and Gulf, it provided

---

[3] *Id.* at *1.

general statements on each individual's areas of knowledge. Chevron did not go line-by-line through the topics of testimony of the Plaintiffs' subpoenas and notices of deposition for one simple reason: **No such notices and subpoenas existed, as this Court previously quashed them on October 26, 2011**. Thus, the Plaintiffs' claim that the witnesses are unable to discuss the topics of testimony in the subpoenas and notices is unknown. Plaintiffs only filed and sent their subpoenas and notices after Chevron independently, and in good faith, offered corporate witnesses on what it believed were relevant topics.

Plaintiffs, having not yet conducted the depositions of Chevron's corporate witnesses, do not know what knowledge and testimony the witnesses may offer. This Motion to Compel is premature.

### B. Defendants Have Provided Corporate Witnesses Who Will Provide "Information Known Or Reasonably Available To The Organization."

Plaintiffs' overlook the provision of FRCP Rule 30(b)(6) which provides that "persons designated must testify about information *known or reasonably available to the organization*." Chevron's corporate witnesses will do just that.

It must be noted, however, that much of the information that Plaintiffs seek (apart from previously being quashed) will be extremely difficult to locate and ascertain for the following reasons:

1. Plaintiffs' factual allegations against Chevron are vague, consisting only of an affidavit of Bryan Morin providing that he cleaned "crude oil, gasoline tank bottoms from large and small storage tanks" at the Gulf

Alliance facility and "fuel oil, naphtha, xylene, and toluene storage tanks" at the Chevron Oak Point facility;[4]

2. Bryan Morin could not testify as to which tanks he worked with at either Chevron facility;[5]

3. Bryan Morin could not testify as to which products he worked with at either Chevron facility;[6]

4. Bryan Morin could not testify as to what areas of the Chevron facilities he worked in;[7]

5. Bryan Morin could not testify as to any of the Chevron employees he allegedly worked with;[8]

6. Bryan Morin was a contract laborer, thus Chevron does not have any employment records relating to him;

7. Chevron has been unable to locate any contracts with Mr. Morin's employer, Oil Mop, or any other documents related to the alleged work of Oil Mop at Chevron's facilities in 1982 and 1983;

8. Oil Mop is no longer in business; and

9. Chevron only owned the Gulf facility for a few months in 1984 and no longer owns it.

Thus, specific testimony and documents relating to his alleged work at Gulf or Chevron is nearly impossible to locate or even determine, and "'[I]f a Rule 30(b)(6) witness [wa]s asked a question ... that seeks information not reasonably available to the corporation,' 'the witness need not answer the question.'"[9]

---

[4] *See,* Exhibit E, affidavit of Bryan Morin.
[5] *See,* Exhibit F, Excerpts from the deposition of plaintiff, Bryan Morin, pp. 128-133, 140-141.
[6] *See,* Exhibit F, Excerpts from the deposition of plaintiff, Bryan Morin, pp. 28-29.
[7] *See,* Exhibit F, Excerpts from the deposition of plaintiff, Bryan Morin, pp. 128-133, 140-141.
[8] *See,* Exhibit F, Excerpts from the deposition of plaintiff, Bryan Morin, pp. 79.
[9] *Penn Mut. Life Ins. Co. v. Rodney Reed 2006 Ins. Trust, 2011 WL 1636985\*1,* (citing *State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 250 F.R.D. 203, 216 (E.D.Pa.2008)).

As for requests regarding safety information, Chevron believes its corporate witnesses are likely to have and be able to testify about safety practice and procedures at Gulf and Oak Point, as well as products at use there. In an effort to cover as much information as possible in the subpoenas and notices, Aaron Williams, Henry McDermott, and Michael Cowles will testify as both corporate representatives and in their individual capacities. Such a practice is recognized under the law:

> In some circumstances, an RCFC 30(b)(6) designee may also be deposed in his or her individual capacity. Because "methods of discovery may be used in any sequence," RCFC 26(d), a witness may be deposed either prior to or following his or her testimony as an RCFC 30(b)(6) designee. ("Although there is no binding case authority on point, ... there is no prohibition on deposing a witness in both individual and corporate capacities.").[10]

Perhaps Plaintiffs should have waited to file this motion until after the corporate depositions. Again, this Motion to Compel is not only premature, but baseless.

### C. **Defendants Have Continuously Supplemented Their Discovery Responses.**

The Plaintiffs' claims in the Motion to Compel are either out-dated, or misleading. Chevron provided supplemental responses to discovery and supplemental disclosures on several occasions, in which all of its witnesses were disclosed. Any argument otherwise lacks veracity.

Chevron supplemented its initial disclosures, pursuant to FRCP Rule 26, on December 1, 2011, December 9, 2011, and December 20, 2011, in which all witnesses were disclosed. As for discovery, Chevron has consistently supplemented its responses to

---

[10] *AG-Innocations, Inc. v. U.S.,* 82 Fed.Cl. 69, 81 (2008) (citing *LendingTree, Inc. v. LowerMyBills, Inc.*, 2006 WL 2443685, at *2 (W.D.N.C. Aug.22, 2006))

the Plaintiffs' discovery requests on at least seven different occasions, including October 13, 2011, October 14, 2011, December 1, 2011, December 5, 2011, December 9, 2011, and December 20, 2011.[11] Particularly with regard to the interrogatories, Chevron disclosed and supplemented responses to these interrogatories as the witnesses were identified.[12] Plaintiffs, if truly persisting in their inaccurate claims that Chevron allegedly failed to diligently undertake discovery, should welcome rather than decry supplemental witnesses with discoverable information. Again, this Motion to Compel is not only premature, but baseless.

### D. Plaintiffs' Subpoena Corporate Witnesses As Records Custodians, Which Chevron Never Offered.

Plaintiffs' subpoenas ask for records custodians, and attempt to name Henry McDermott, Aaron Williams and the fictitious Michael Williams (assumedly Michael Cowles). However, Chevron never offered these gentlemen as records custodians. According to FRCP, Rule 30(b)(6), Chevron chooses the witnesses to represent it as a corporation, not the Plaintiffs: "[The named organization] may set out the matters on which each person designated will testify." Therefore, the Motion to Compel Aaron Williams, Henry McDermott, and Michael Cowles as record custodians, is without merit, especially with a Motion to Quash pending before this Court. Again, this Motion to Compel is not only baseless, but premature.

---

[11] Chevron's supplemental discovery responses, including documents produced amass over 1000 pages, and are therefore not attached for the sake of judicial efficiency. However, Chevron will make such responses available to the Court upon request.

[12] *See,* Exhibits G, H, I, J, K, (Chevrons' Supplemental Responses to Interrogatories and Supplemental Disclosures)

### E. Plaintiffs' Complaints About Chevron's Conduct Are More Descriptive of Their Own Conduct.

Recently, discovery in this matter became contentious, and through Plaintiffs' own actions, it is stalled. Plaintiffs come before this Court complaining of delays, despite their own discovery delinquencies. Plaintiffs' claims of "trial by ambush" and intentional concealment of evidence are unfounded and only serve to distract from the real issues.[13] Most tellingly, Plaintiffs' claims are a more accurate description of their own behavior during the discovery process, which, to date, consists of the following acts and omissions:

1. Failure to provide a deposition date of Clyde Daigle until December 22, 2011 (5:20 p.m.), despite five prior requests by undersigned counsel beginning on December 7, 2011;[14]
2. Failure to provide the December 9, 2011 affidavit of Timothy Voivedich until 9:03 p.m. on Friday, December 30, 2011;[15]
3. Discarding a computer containing relevant information on the date that Mr. Morin discovered the purported link between his disease and benzene, 4-5 months after filing suit against the Defendants.[16]
4. Failure to provide the December 29, 2011 affidavit of Clyde Daigle until 9:03 p.m. on Friday, December 30, 2011 (5 working days prior to his deposition);[17]

Plaintiffs only offered deposition dates for Mr. Morin's co-worker, Timothy Voivedich, after the discovery deadline, and due to the Plaintiffs' delay, Chevron is forced to take Mr. Morin's treating physician's deadline on January 25, 2011, two weeks after the

---

[13] Chevron contends that Plaintiffs' counsel should be reprimanded for its violation of Rule 11 of the Federal Rules of Civil Procedure for their submission and signature of a pleading that they know flagrantly misrepresents the discovery issues before this Court.
[14] *See* Exhibit L.
[15] *See* Exhibit M.
[16] *See* Exhibit N.
[17] *See* Exhibit M.

discovery deadline. Consequently, Chevron finds this Motion to Compel baseless and premature, as well as ironic.

## IV. CONCLUSION

For the reasons discussed herein, and in the attached pleadings and exhibits, Plaintiffs' Motion to Compel is premature, fails to meet procedural requirements, and seeks recovery for nonexistent complaints. Chevron has consistently supplemented discovery and the compelled depositions are scheduled but not yet conducted. Lastly, the Plaintiffs' objections to supplemental witnesses and contemporaneous complaints of insufficient discovery evidence their gross misuse of the discovery process.

Respectfully submitted:

____/s/ Sarah K. Weissman_____
Gary A. Bezet (#3036)
Gayla M. Moncla (#19713)
Barrye Panepinto Miyagi (#21794)
Robert E. Dille (#23037)
Gregory M. Anding (#23622)
Carol L. Galloway (#16930)
Allison N. Benoit (#29087)
Anthony M. Williams (#26750)
Sarah K. Weissman (#32763)
KEAN MILLER LLP
II City Plaza, Suite 700
Post Office Box 3513 (70821)
Baton Rouge, Louisiana 70825
Telephone: (225) 387-0999
Sarah.weissman@keanmiller.com
***Attorneys for Chevron U.S.A. Inc.,
individually and as successor to Gulf Oil
Corporation***

# CERTIFICATE OF SERVICE

  I hereby certify that on January 2, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all known counsel of record.

      ___*/s/ Sarah K. Weissman*_____
      Sarah K. Weissman (32763)
      KEAN MILLER LLP
      II City Plaza
      400 Convention Street, Ste. 700
      Baton Rouge, Louisiana 70802
      Telephone: (225) 387-0999
      Facsimile: (225) 388-9133
      Sarah.weissman@keanmiller.com
      ***Attorney for Chevron U.S.A. Inc., individually and as successor to Gulf Oil Corporation***