UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRYAN MORIN, et al. | § CIVIL ACTION NO. 11-0045 "G"(3) |
| | § |
| V. | § JUDGE NANNETTE JOLIVETTE |
| | § BROWN |
| CHEVRON U.S.A., INC., et al. | § |
| | § MAGISTRATE JUDGE DANIEL E. |
| | § KNOWLES |
| | § |
| | § |

## ORDER AND REASONS

Before the Court is Defendant Chevron U.S.A., Inc.'s ("Chevron") Motion for Leave to File Supplemental Witness List filed on December 13, 2011 (Rec. Doc. No. 62). Also before the Court is Plaintiffs' request for sanctions against Chevron,¹ which is incorporated into Plaintiffs' Response in Opposition filed on December 16, 2011 (Rec. Doc. No. 64). Additionally, before the Court is Defendant Chevron's Motion to Continue Trial filed on December 28, 2011 (Rec. Doc. No. 84). The Court heard oral argument on these motions on January 4, 2012.

Having considered the motions, the responses, the reply, oral argument, and the applicable law, the Court will grant the Motion for Leave to File Supplemental Witness List. The request for sanctions, having been withdrawn at oral argument, is moot. The Court will delay ruling on the Motion to Continue Trial until after a status conference on January 23, 2012 in order to allow the parties time to work within the current trial schedule as discussed at the January 4, 2012 hearing.

---

¹ Plaintiffs request sanctions against Chevron for filing the Motion for Leave to File Supplemental Witness List as an ex parte motion and for not setting that motion for hearing

## I. Background

From 1982 to 1983, Plaintiff, Bryan Morin alleges he worked as a tank cleaner for Oil Mop, Inc., cleaning tanks containing benzene and oil spills, at facilities owned by Chevron, Shell, and other companies in Louisiana. In the course of this work, Mr. Morin alleges he was exposed to high levels of benzene from products manufactured, distributed, or sold by Defendants. Plaintiff claims that as the result of exposure to benzene, he sustained tissue damage and various bodily injuries, including multiple myeloma, a malignant disease affecting the blood and bone marrow. Michelle Morin and Brant Morin are Mr. Morin's wife and child and also parties to this action; they allegedly suffered damages as a result of Mr. Morin's injuries.

In this suit, Plaintiffs allege that Defendants Chevron and Shell Oil Company[2] (collectively "Defendants") knew or should have known of the health hazards inherent to their products and that their actions or inactions constituted gross negligence and a reckless disregard for the rights and safety of others. Plaintiffs also allege that Defendants negligently misrepresented, concealed, suppressed, and omitted material information about the health effects of benzene, as well as failed to take necessary precautionary measures. Further, Plaintiffs allege strict liability.

### A. *Motion to Supplement Witness List*

Chevron filed its original Witness and Exhibit List on Friday, December 9, 2011 (Rec. Doc. No. 59), in accordance with the Court's April 7, 2011 Scheduling Order (Rec. Doc. No. 14). On Tuesday, December 13, 2011, Chevron filed its Motion for Leave to File Supplemental Witness List

---

[2] Although Defendant Shell is currently listed as a party to the case, during oral argument, counsel indicated that Plaintiffs have settled their claims with Shell.

(Rec. Doc. No. 62). This motion was filed as an ex parte motion and did not state whether counsel for Plaintiffs had been contacted to determine if the motion was opposed. The Court later learned that Plaintiffs were unaware of the additional witnesses and once made aware, opposed the supplemental list.

Plaintiffs argue that none of the three supplemental witnesses were disclosed in Chevron's initial disclosures or at any prior time during discovery. According to Chevron, it only discovered the possible existence of the three supplemental witnesses on December 8, 2011. However, at that time, Chevron allegedly did not have accurate names, contact numbers and addresses, or relevant information to evaluate whether the witnesses had any relevant information. Chevron alleges that it immediately attempted to locate and confirm the witnesses but was unsuccessful. Chevron states that it then, on December 8, hired a private investigation firm to locate the witnesses. The firm allegedly located the witnesses and the witnesses were contacted by counsel for Chevron between December 9 and December 13. Chevron avers that it disclosed the identities of the witnesses on December 13, 2011, as soon as the witnesses were confirmed to be capable of providing relevant information. Further, Chevron avers that it offered deposition dates to Plaintiffs for two of the three witnesses on December 14, 2011.

The witnesses sought to be added are alleged to have relevant testimony regarding safety as it relates to the cleaning of tanks during the relevant time period of Mr. Morin's alleged exposure. Plaintiffs claim that they will be prejudiced by the amendment of the witness list because they will not have time to depose the witnesses before the discovery cut-off date of January 9, 2012 and in time to prepare for trial.

### B. *Motion to Continue Trial*

On December 28, 2011, Defendant Chevron filed a Motion To Continue Trial (Rec. Doc. No. 84); Plaintiffs filed their opposition on January 2, 2012 (Rec. Doc. No. 95). Defendant Chevron and Plaintiffs each assert a long list of abuses regarding the other's failure to meet discovery obligations. Indeed, several motions are pending regarding discovery issues. Chevron asserts that Plaintiffs' failure to meet discovery obligations has resulted in unfair prejudice to Chevron in preparing its defense, given that the deadline for witness and expert reports expired before all information was obtained and given the January 9, 2012 discovery cut-off date. Accordingly, Defendant Chevron moves for a continuance of the trial date and all pretrial deadlines. Trial is presently set for February 27, 2012. Plaintiffs argue in response that the poor condition of Mr. Morin's health necessitates that the Motion to Continue Trial be denied; Plaintiffs argue that a delay may create great prejudice because Mr. Morin may be denied the opportunity to testify in person at trial.

Plaintiffs further argue that any difficulties meeting the presently-set deadlines and adequately preparing for trial are the fault of Defendant Chevron in delaying and resisting discovery, not the fault of Plaintiffs. According to Plaintiffs, Chevron easily could have obtained the information that it now complains it lacks, had Chevron taken timely action. Additionally, Plaintiffs argue that a continuance of the trial date is unwarranted because it may lead to scheduling conflicts for testifying experts, although Plaintiffs do not allege any specific anticipated conflicts.

Although the parties dispute who is at fault for the various discovery delays thus far, they do not dispute that several depositions have not yet been scheduled, nor do they dispute that at least two depositions already have been scheduled for dates after the close of discovery.

## II. Law and Analysis

*A. Motion to Supplement Witness List*

Under Rule 16(b) of the Federal Rules of Civil Procedure, a district court has discretion to modify a scheduling order upon a showing of "good cause."[3] The district court has "broad discretion to preserve the integrity and purpose of the pretrial scheduling order"[4] and to grant leave to amend, as such a decision will be reviewed only for abuse of discretion.[5] Good cause is evaluated by four factors: "(1) the explanation for the failure to timely file; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."[6]

Further, "the Federal Rules of Civil Procedure commit to the court's discretion the decision of whether to exclude evidence because of a party's noncompliance with a pretrial scheduling order."[7] In making the determination of whether to exclude evidence because of noncompliance, the court looks to the same four factors used to evaluate good cause to modify the scheduling order.[8] Courts have often found that a short delay in meeting a scheduling deadline does not warrant

---

[3] Fed. R. Civ. P. 16(b)(4).

[4] *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990)).

[5] *S & W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003).

[6] *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003); *Bradley v. United States*, 866 F.2d 120, 124 (5th Cir. 1989).

[7] *Gray v. Vastar Offshore, Inc.*, No. 04-1162, 2005 WL 399396 at *1 (E.D. La. Feb. 14, 2005) (Vance, J.).

[8] *See, e.g., Barrett*, 95 F.3d at 380; *Geiserman*, 893 F.2d at 791.

exclusion.[9]  In fact, a continuance is the "preferred means of dealing with a party's attempt to designate a witness out of time . . . ."[10]

Plaintiffs argue that Chevron has not shown good cause for admitting the supplemental witness list.  The scheduling order in this case states: "The Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown."[11]  Accordingly, Defendant's failure to designate the three supplemental witnesses until after the December 9 deadline had passed will be evaluated under the good cause factors outlined above.

First, Plaintiffs allege that Chevron "provides no explanation concerning its failure to comply with the court rules" in that Chevron offers no explanation for why it could not previously discover the supplemental witnesses.  However, Chevron states that it did not have accurate names and contact information for the supplemental witnesses, nor did it know if the parties had relevant information. Chevron further explains that it was only able to determine the existence of these potential witnesses on December 8, 2011 because Chevron no longer owns the facility that employed the witnesses.  Chevron states that it filed its motion to supplement the witness list immediately upon

---

[9] *Gray*, 2005 WL 399396 at *1 (finding a four-day delay in turning over expert reports did not warrant striking the evidence); *George v. Cox La. Telcom, L.L.C.*, No. 03-2215, 2004 WL 169809 at *1 (E.D. La. Jan. 23, 2004) (Berrigan, J.) (granting a two-week extension for expert reports despite plaintiffs' "meritless" excuse for the necessity of the extension, given the lack of prejudice).

[10] *Bradley*, 866 F.2d 120 at 127 n. 11 (citations omitted).

[11] Scheduling Order, Rec. Doc. No. 14.  This order was issued by Judge Vance, prior to this matter being transferred to Section G.

6

learning the specific names and contact information for these witnesses, demonstrating a lack of undue delay.

Next, the Court must evaluate the importance of the new testimony. Chevron has stated that, on the newly added witnesses, Stephen A. Caine was in charge of implementing safety procedures for tank and vessel cleaning, that Ronald Cavalier oversaw the issuance of permits for tank cleaning operations, and that Gary Bowman was responsible for preventing benzene exposure. The Court is persuaded that the testimony of individuals directly involved with tank cleaning and safety operations are relevant and important to this case; further, Chevron avers that these are the first witnesses Chevron was able to identify who were involved with cleaning and safety during the time period of Mr. Morin's employment. Although Chevron did not provide an explanation of the testimony in its initial motion to supplement, it did provide this information in its reply to the opposition. Accordingly, the importance of this testimony weighs in favor of allowing these witnesses to testify.

Third, Plaintiffs argue that they will suffer substantial prejudice if the Court allows the addition of these witnesses, because Plaintiffs allegedly will be unable to schedule depositions prior to the end of discovery on January 9, 2012. However, Chevron previously offered deposition dates for two of the three witnesses. Additionally, during oral argument, Chevron and Plaintiffs indicated a desire to cooperate to complete necessary depositions and discovery. Accordingly, Plaintiffs will not suffer substantial prejudice if Chevron is allowed to supplement its witness list with these three individuals.

Further, this Court considers the availability of a continuance of the discovery cut-off date to cure any prejudice from allowing these three witnesses to be supplemented, and a continuance,

rather than the exclusion of evidence, is preferred.[12]  In order to ensure that Plaintiffs have an opportunity to depose the newly added witnesses, the Court will extend the discovery deadline beyond January 9, 2012.[13]

**B.  *Motion to Continue Trial***

Like other motions to modify a scheduling order, motions for a continuance "are addressed to the sound discretion of the district court," and "ordinarily the appellate court will not interfere with the district court's exercise of its discretion as long as there is no showing of abuse."[14]  "When the question for the trial court is a scheduling decision, such as whether a continuance should be granted . . . ," the court's "judgment range is exceedingly wide."[15]  As with other modifications to a scheduling order, a "good cause" standard applies[16] and courts generally consider the same four factors as with other modifications to determine whether the standard is met.[17]  Accordingly, the

---

[12]  *Bradley*, 866 F.2d 120 at 127 n. 11 (citations omitted).

[13]  The Court will determine the discovery cut-off date at a status conference to be held on January 23, 2012.

[14]  9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2352 (3d ed. 1998); *See also, Smith-Weik Mach. Corp. v. Murdock Mach. & Eng'g Co.*, 423 F.2d 842 (5th Cir. 1970); *Dorsey v. Scott Wetzel Servs., Inc.*, 84 F.3d 170 (5th Cir. 1996).

[15]  *Fontenote v. Upjohn Co.*, 780 F.2d 1190, 1193 (5th Cir. 1986).

[16]   Fed. R. Civ. P. 16(b)(4).

[17]  *Mosely v. Ins. Corp. of Hanover*, No. 01-2049, 2002 WL 246449 at *1 (E.D. La. Feb. 19, 2002).

court considers the explanations offered and weighs the prejudice to the parties if a continuance is granted or denied.[18]

Plaintiffs argue that a continuance of the trial date to allow additional discovery would not be appropriate here since Mr. Morin suffers from a terminal illness and further delay reduces the chance that he will be able to testify at trial. Plaintiffs insist that perpetuation deposition will not suffice. As the Court indicated at oral argument, it will take this matter under advisement and reserve its ruling on the Motion to Continue Trial until after January 23, 2012, at which time the parties will convene in a status conference with the Court to report on whether they have worked out a schedule within which to accomplish all discovery before trial. At that time, the Court will be better able to evaluate whether the parties can prepare for trial as scheduled.

### III. Conclusion

Considering that the Court has great discretion to modify the scheduling order to allow Chevron to supplement its witness list and to extend the discovery cut-off to accommodate deposition of the supplemental witnesses, and given the very short delay, as well as the importance of the testimony and the minimal prejudice to Plaintiffs, the Court will allow Chevron to supplement its witness list with the three witnesses it attempted to add a mere two business days after the original deadline. The Court finds that the importance of the information to be offered by the supplemental witnesses outweighs any prejudice in allowing them to testify. Further, any perceived prejudice to Plaintiffs can be accommodated by extending the discovery deadline, which the Court will do. Accordingly, for the reasons set forth above:

---

[18] *Id.*

**IT IS HEREBY ORDERED** that Defendant Chevron's Motion for Leave to File Supplemental Witness List is **GRANTED**.

**IT IS FURTHER ORDERED** that a status conference is set in the above-captioned case on **January 23, 2012 at 3:00 P.M.** in the undersigned U.S. District Judge's chambers at 500 Poydras Street, Room C-317, New Orleans, Louisiana.  The parties shall be prepared to discuss their ability to complete all discovery prior to the currently-scheduled trial date.

**IT IS FURTHER ORDERED** that the Court will reserve ruling on the Motion to Continue Trial until after the above-ordered status conference.

**NEW ORLEANS, LOUISIANA** this   9th   day of January, 2012.

*Nannette Jolivette Brown*
NANNETTE JOLIVETTE BROWN
UNITED STATES DISTRICT JUDGE