UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRYAN MORIN, et al. | § | CIVIL ACTION NO. 11-0045 "G"(3) |
| | § | |
| V. | § | JUDGE NANNETTE JOLIVETTE |
| | § | BROWN |
| CHEVRON U.S.A., INC., et al. | § | |
| | § | MAGISTRATE JUDGE DANIEL E. |
| | § | KNOWLES |
| | § | |
| | § | |

## ORDER AND REASONS

Before the Court is Defendant Chevron U.S.A., Inc.'s ("Chevron") Motion to Continue Trial.[1] The Court heard oral argument on this motion on January 4, 2012; on January 9, 2012, the Court ordered that it would delay ruling on the Motion to Continue Trial until after a status conference to be held on January 23, 2012,[2] at which time the parties would update the Court on the parties' abilities to work within the current trial schedule.

Having considered the motion, the response, oral argument, the representations of the parties during the status conference, and the applicable law, the Court will grant the Motion to Continue Trial.

## I. Background

From 1982 to 1983, Plaintiff Bryan Morin ("Mr. Morin") worked as a tank cleaner for Oil Mop, Inc., cleaning tanks containing benzene and oil spills, at facilities owned by Chevron, Shell, and other companies in Louisiana. In the course of this work, Mr. Morin was allegedly exposed to high levels of benzene from products manufactured, distributed, or sold by Defendants. Allegedly

---

[1] Rec. Doc. 84.

[2] *See* Rec. Doc. 117.

as the result of exposure to benzene, Mr. Morin sustained tissue damage and various bodily injuries, including multiple myeloma (a malignant disease affecting the blood and bone marrow). Michelle Morin and Brant Morin are Mr. Morin's wife and child, who allegedly suffered as a result of Mr. Morin's injuries.

In this suit, Plaintiffs allege that remaining defendant Chevron knew or should have known of the health hazards inherent to its products and that Chevron's actions or inactions constituted gross negligence and a reckless disregard for the rights and safety of others. Plaintiffs also allege that Defendant Chevron negligently misrepresented, concealed, suppressed, and omitted material information about the health effects of benzene, as well as necessary precautionary measures. Further, Plaintiffs allege strict liability.

## II. Motion to Continue

### A. Facts

On December 28, 2011, Defendant Chevron filed a Motion To Continue Trial[3]; Plaintiffs filed their opposition on January 2, 2012.[4] Defendant Chevron and Plaintiffs each assert a long list of abuses regarding the other's failure to meet discovery obligations. Chevron asserts that Plaintiffs' failure to meet discovery obligations has resulted in unfair prejudice to Chevron in preparing its defense, given that the deadline for witness and expert reports expired before all information was obtained and given the January 9, 2012 discovery cut-off date. Accordingly, Defendant Chevron moves for a continuance of the trial date and all pretrial deadlines. Trial is presently set for February

---

[3] Rec. Doc. 84.

[4] Rec. Doc. 95.

27, 2012. Plaintiffs argue in response that the poor condition of Mr. Morin's health necessitates that the Motion to Continue Trial be denied; Plaintiffs argue that a delay may create great prejudice because Mr. Morin may be denied the opportunity to testify in person at trial.

Plaintiffs further argue that any difficulties meeting the presently-set deadlines and adequately preparing for trial are the fault of Defendant Chevron in delaying and resisting discovery, not the fault of Plaintiffs. According to Plaintiffs, Chevron easily could have obtained the information that it now complains it lacks, had Chevron taken timely action. Additionally, Plaintiffs argue that a continuance of the trial date is unwarranted because it may lead to scheduling conflicts for testifying experts, although Plaintiffs do not allege any specific anticipated conflicts.

Although the parties dispute who is at fault for the various discovery delays thus far, they admitted at the January 23 status conference that numerous depositions have yet to be taken, with two depositions presently scheduled for the day before the currently-scheduled pretrial conference on February 7, and therefore scheduled for after the parties' pretrial order is due to this Court.

**B. Law and Analysis**

Like other motions to modify a scheduling order, motions for a continuance "are addressed to the sound discretion of the district court," and "ordinarily the appellate court will not interfere with the district court's exercise of its discretion as long as there is no showing of abuse."[5] "When the question for the trial court is a scheduling decision, such as whether a continuance should be

---

[5] 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2352 (3d ed. 1998). *See also, Smith-Weik Mach. Corp. v. Murdock Mach. & Eng'g Co.*, 423 F.2d 842 (5th Cir. 1970); *Dorsey v. Scott Wetzel Servs., Inc.*, 84 F.3d 170 (5th Cir. 1996).

granted . . . ," the court's "judgment range is exceedingly wide."[6] As with other modifications to a scheduling order, a "good cause" standard applies[7] and courts generally consider the same four factors as with other modifications to determine whether the standard is met.[8] Accordingly, the court will need to consider the explanations offered and weigh the prejudice to the parties if a continuance is granted or denied.[9]

Here, each side argues that the other is to blame for the delays, and the Court finds merit in each's arguments. Here, there have been substantial delays in compliance by both Plaintiffs and Defendant Chevron. Most importantly, however, there remain depositions presently scheduled up until the eve of the pretrial conference. As a result, the Court finds that it would be impossible for the parties to sufficiently complete discovery and prepare an adequate pretrial order for this Court's consideration if the trial were to proceed as scheduled. Additionally, the Court finds that a short delay would not significantly prejudice Mr. Morin by making it unlikely that he can testify, and the Court will grant a short continuance here. Further, Plaintiffs have not indicated that there is any reason to believe that such a continuance will cause expert witnesses to be unavailable for trial, only raising the theoretical possibility.

The Court will exercise its discretion to grant a continuance to allow the parties to complete discovery and prepare themselves for trial in light of the delays resulting from the actions and

---

[6] *Fontenote v. Upjohn Co.*, 780 F.2d 1190, 1193 (5th Cir. 1986).

[7] Fed. R. Civ. P. 16(b)(4).

[8] *Mosely v. Ins. Corp. of Hanover*, No. 01-2049, 2002 WL 246449, at *1 (E.D. La. Feb. 19, 2002).

[9] *Id.*

inactions of both Plaintiffs and Defendant Chevron, as the prejudice of doing so is outweighed by the importance of the evidence to be gained from allowing a continuance.

### V. Conclusion

The Court finds that a brief continuance is necessitated by the delays in complying with discovery obligations by both Plaintiffs and Defendant Chevron and the parties' inabilities to complete discovery within the original time frame. Accordingly, for the reasons set forth above;

**IT IS HEREBY ORDERED** that Defendant Chevron's Motion to Continue Trial is **GRANTED** and that trial will be continued until **the week beginning March 12, 2012, at 9:00 a.m.** The pretrial conference is set for **February 23, 2012 at 4:00 p.m.** A revised scheduling order will follow.

**NEW ORLEANS, LOUISIANA** this  24th   day of January, 2012.

NANNETTE JOLIVETTE BROWN
UNITED STATES DISTRICT JUDGE